IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS DISTRICT OF ILLINOIS
EASTERN DIVISION

Yoon Ja Kim, Ph.D.,               )
                                      )
       Plaintiff,               )
                                      )     No. 05 C 3138
          vs.                 )
                                      )     Judge Mark Filip
Sara Lee Bakery Group, Inc.,     )
                                      )
       Defendant.           )

## **DEFENDANT'S MOTION TO DISMISS PLAINITFF'S COMPLAINT**

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Sara Lee Bakery Group, Inc. ("Sara Lee"), by its attorneys, files this Motion to Dismiss Plaintiff's Complaint, and in support thereof states as follows:

1.     On May 26, 2005, Plaintiff Yoon Ja Kim ("Kim") filed the Complaint. Plaintiff alleges that Sara Lee has infringed and is infringing on one or more claims of U.S Patent No. Re. 35, 355 ("'355 patent").

2.     Under Fed. R. Civ. P. Rule 12(b)(6), this claim should be dismissed because there is no set of facts under which the plaintiff would be entitled to relief. Conley v. Gibson, 335 U.S. 41, 45-46 (1957); Szumny v. Am. Gen. Fin. Inc., 246 F.3d 1065, 1067 (7th Cir. 2001).

3.     As discussed more fully in Sara Lee's attached Memorandum of Law in Support of Defendant's Motion to Dismiss, plaintiff has not pled a claim upon which relief may be granted because the action is barred by the doctrine against claim splitting for three independent and wholly sufficient reasons: (1) her new claim is barred by the prohibition against claim splitting; (2) the action is duplicative of a parallel action pending in the same federal court; and (3) the plaintiff did not raise compulsory counterclaims of noninfringement for the newly accused products in a prior lawsuit.

WHEREFORE, Defendant Sara Lee requests that the Court dismiss the Complaint.

Dated: August 1, 2005

Respectfully submitted,

SARA LEE BAKERY GROUP, INC.

By:  s/Elizabeth L. Fine
     One of its Attorneys

Craig C. Martin (Atty. No. 06201581)
Elizabeth L. Fine (Atty. No. 06282854)
JENNER & BLOCK LLP
One IBM Plaza
Chicago, IL 60611
Telephone: 312 222-9350
Facsimile: 312 527-0484

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Yoon Ja Kim, Ph.D., | ) | |
| | ) | |
| Plaintiff, | ) | No. 05 C 3138 |
| | ) | |
| vs. | ) | Judge Mark Filip |
| | ) | |
| Sara Lee Bakery Group, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT'S MOTION TO DISMISS

Defendant Sara Lee Bakery Group ("Sara Lee"), by and through its attorneys, submits the

following memorandum of law in support of its motion to dismiss Plaintiff Yoon Ja Kim's

("Kim") Complaint and Jury Demand ("Second Lawsuit").

## INTRODUCTION

In May 2005, plaintiff filed a lawsuit (the "First Lawsuit") alleging that two Sara Lee

Bakery Group, Inc. ("Sara Lee") products infringed--D'Italia and Buttertop--on the No. Re.

36,355 patent (the " '355" patent), which is held by plaintiff. Plaintiff later amended her

complaint to allege that three Sara Lee products -- D'Italia, Buttertop, and Healthy Choice

products -- relating to a total of twelve Sara Lee formulas infringed on the '355 patent.[1] After

discovery had closed in the First Lawsuit, plaintiff attempted allege that an additional 438 Sara

Lee formulas infringed on the '355 patent, and Magistrate Judge Michael T. Mason barred

plaintiff from bringing evidence of these additional allegedly infringing products. Plaintiff

immediately filed this Second Lawsuit alleging that Sara Lee infringed on the same patent.

---

[1] Products bearing the Sara Lee label may be made from one of several different formulas
depending on when and where the bread was produced. There are twelve formulas that relate to
the D'Italiano, Buttertop and Healthy Choice products that the plaintiff accuses of infringement.

This lawsuit, that is the Second Lawsuit, should be dismissed because: (1) plaintiff's new claim is barred by the doctrine against claim splitting; (2) duplicative complaints should be dismissed; and (3) Federal Rule of Civil Procedure Rule 13 prohibits plaintiff from asserting her new claim in the Second Lawsuit.

## Factual and Procedural Background[2]

### The First Lawsuit

On May 25, 2001, plaintiff filed a complaint ("First Complaint") against the Sara Lee.[3] initially alleging that two products --D'Italia Italian Bread and ButterTop Wheat Bread-- infringed upon the '355 patent, which is held by the plaintiff. (First Compl. at 4.) Plaintiff claims that the amount of ascorbic acid and acetic acid in the products falls within the ranges covered by the '355 patent. (Initial Compl. at 4.)

On June 26, 2001, Sara Lee answered the First Complaint ("First Answer"), and asserted affirmative defenses. (First Answer at ¶¶ 16, 21.) Sara Lee also filed Counterclaims for Declaratory Judgment pursuant to 28 U.S.C. §§ 2201 and 2202, seeking a declaration that: Sara Lee has not and did not infringe the '355 patent; the '355 patent is invalid; and the '355 patent is unenforceable. (Initial Answer at ¶¶ 27-29.)

---

[2]    For purposes of this motion, all of the well-pleaded allegations are treated as true. Fed. R. Civ. P. 12(b)(6). "In ruling on a 12(b)(6) motion, a district court may take judicial notice of matters of public record without converting the 12(b)(6) motion into a motion for summary judgment." Anderson v. Simon, 217 F.3d 472, 474-75 (7th Cir. 2000).

[3]    The First Complaint named Earthgrains as the defendant. After that complaint was filed, Sara Lee Corporation acquired Earthgrains in a stock purchase transaction, and the combined bakery operations of Sara Lee Corporation and Earthgrains became the Sara Lee Bakery Group, Inc., a wholly owned subsidiary of Sara Lee Corporation. For the purposes of convenience and clarity, we refer to Earthgrains as Sara Lee Bakery Group, Inc.

Discovery in the First Lawsuit commenced in May 2003; fact discovery closed on May 1, 2004 and expert discovery closed on September 2, 2004.[4]  During discovery, in April 2004, Sara Lee produced to plaintiff 648 Sara Lee bread formulas containing ascorbic acid and food acid, the key ingredients in plaintiff's patent.  (Pl. Opp. to Def. Mot. to Bar Evidence Relating to Newly Accused Products at 2.)  Plaintiff did not supplement her discovery to identify additional products or formulas that allegedly infringed the '355 patent, before the close of discovery.  Sara Lee deposed plaintiff and prepared and submitted its expert report.

After the close of discovery, on December 7, 2004, plaintiff filed a Motion for Leave to File an Amended Complaint to add specific products manufactured by Sara Lee under a license agreement with ConAgra, specifically products sold under the Healthy Choice label (the "Healthy Choice" products).  Because both plaintiff's and defendant's experts addressed the Healthy Choice products in their respective reports, the Court granted plaintiff leave to file an amended complaint.  (Dec. 29, 2004 Order.)

On January 3, 2005, Plaintiff filed her First Amended Complaint, alleging that only the D'Italiano, Buttertop, and Healthy Choice breads infringed the '355 patent, which related to twelve formulas.  Indeed, only 12 of 648 formulas produced to the plaintiff are for the D'Italiano, Buttertop, and Healthy Choice brands.  Plaintiff did not identify any other products as infringing and did not identify the other 636 formulas as infringing.  (First Am. Compl. at ¶¶ 12, 13.)  On January 28, 2005, Sara Lee answered the First Amended Complaint and asserted affirmative defenses.  Sara Lee also reasserted its counterclaim that Sara Lee does not infringe upon the '355 patent and that the '355 patent is invalid and unenforceable.  (Def. Answer to First

---

[4] In January 2004, the parties consented to the exercise of jurisdiction by a United States Magistrate Judge, and the case was assigned to Magistrate Judge Michael T. Mason.

Am. Compl. at ¶¶ 35-37.) Plaintiff answered by generally denying Sara Lee's non-infringement and invalidity claims (Pl. Rely to Def. Answer at ¶¶ 35-37), and did not counterclaim to Sara Lee's Counterclaim for Declaratory Judgment.

Counsel for plaintiff withdrew from the case in January 2005. The Court allowed plaintiff to supplement discovery solely as to the new claim allowed in the First Amended Complaint. (March 9, 2005 Order.) On March 17, 2005, present counsel entered an appearance on behalf of plaintiff. On April 7, more than a year after the interrogatories were served, plaintiff supplemented her discovery responses, identifying for the first time 450 additional infringing formulas inclusive of the twelve formulas. (Pl. Opp. to Def. Mot. to Bar Evidence Relating to Newly Accused Products at 2.)

Sara Lee filed a Motion to Bar Evidence Relating to Newly Accused Products. On May 12, 2005, the Court granted Sara Lee's motion:

> [P]laintiff argues that her amended complaint alleged infringement generally and did not limit plaintiff's ability to discover and accuse additional bread mixes. We disagree. . . . This court only allowed the amendment as to the two Healthy Choice breads because both parties' experts had addressed these products.
>
> Plaintiff's attempt to vastly expand this case at this late juncture is unacceptable. Discovery is closed and despite plaintiff's claims to the contrary we find that [Sara Lee] would suffer substantial prejudice if we were to allow evidence of the newly accused products to be introduced at trial. . . . At trial, plaintiff will only be allowed to introduce evidence of the D'Italiano, Buttertop, and Healthy Choice bread products that are identified in the first amended complaint.

(May 12, 2005 Order.) Accordingly, the Court limited the First Lawsuit to the three products and twelve formula.

**The Second Lawsuit**

On May 26, 2005, the very day after the parties received notice that the Court in the First Lawsuit had granted Sara Lee's Motion to Bar Evidence of New Products, plaintiff filed the

Second Lawsuit.[5]  In her Complaint in the Second Lawsuit, plaintiff alleges a claim against Sara Lee for patent infringement of the '355 patent claiming that Sara Lee's infringement of the '355 patent is in violation of 35 U.S.C. § 271.  Sara Lee seeks the dismissal of the Complaint in its entirety.  During a July 7, 2005 status hearing before Judge Aspen, to whom this case was previously assigned, plaintiff's counsel stated: "It's the same parties and it's the same patent but it's different accused products."  (Tr. of Proceedings at 3.)

## ARGUMENT

When a plaintiff can prove no set of facts in support of its claim that would entitle it to relief, the claim should be dismissed under Rule 12(b)(6).  See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Szumny v. Am. Gen. Fin. Inc., 246 F.3d 1065, 1067 (7th Cir. 2001); Jones v. Gen. Elec. Co., 87 F.3d 209, 211 (7th Cir. 1996); Panaras v. Liquid Carbonic Indus. Co., 74 F.3d 786, 791(7th Cir. 1996).  Plaintiff's allegations of patent infringement should be dismissed for three independent and wholly sufficient reasons: (1) her new claim is barred by the prohibition against claim splitting; (2) duplicative complaints should be dismissed; and (3) Federal Rule of Civil Procedure Rule 13 prohibits plaintiff from asserting her new claim in the Second Lawsuit.

## I.    THE SECOND LAWSUIT IS BARRED BY THE PROHIBITION AGAINST CLAIM SPLITTING.

It has been long established that claims may not be split and litigated in a piecemeal or duplicative fashion.  The Haytian Republic, 154 U.S. 118, 125 (1894); see also Mars v. Nippon, 58 F.3d 616, 619 (Fed. Cir. 1995) (a party must raise all claims rising from a single transaction or series of transactions).  "Courts prohibit a litigant from splitting its claims into multiple

---

[5] Though Magistrate Judge Mason's order granting defendant's Motion to Bar Evidence of Newly Accused Products was issued on May 12, 2005, due to an error with the docketing system, the parties did not learn of the ruling until May 25, 2005, when the order was posted to the correct case in the ECF system.

actions when the litigant should have brought the claims in a single action." Civix-DDI LLC v. Expedia Inc., No. 04 C 8031, 2005 U.S. Dist. LEXIS 9493, at *12 (N.D. Ill. May 2, 2005) (citing Am. Stock Exch., LLC. v. Mopex, Inc., 215 F.R.D. 87, 91 (S.D.N.Y 2002))(Ex. N). "[A] party must bring in one action all legal theories arising out of the same transaction or series of transactions." Am. Stock. Exch., 215 F.R.D. at 91.

Plaintiffs may not avoid the preclusion of claims simply by initiating a new lawsuit to split those claims. In Civix, plaintiff filed an initial suit alleging the infringement of five patents. Civix, 2005 U.S. Dist LEXIS 9493 at *1. Plaintiff identified to the court and the defendant the claims it was asserting against the defendant. Id. at *2. After fact discovery had closed, plaintiff identified additional claims it was asserting defendant had infringed. Id. at *5. When defendant moved to strike the new claims, plaintiff withdrew the claims. Id. at *6. Plaintiff filed a new lawsuit asserting the additional claims shortly thereafter. Id. The court held that plaintiff could not assert new claims that relate to the same patent that it should have brought in the initial action. Id. at *13.

Claim preclusion applies to all claims that should have been brought in the original action even if a plaintiff was barred from raising a claim in a subsequent action "due to her own dilatory conduct." Am. Stock. Exch., 215 F.R.D. at 91. A plaintiff may not assert claims of infringement in a second action, when the court in the first action barred these claims due to the plaintiff's "inadequate compliance with the courts orders and deadlines." Kearns v. General Motors, 94 F.3d 1553, 1555 (Fed. Cir. 1996). "Courts have consistently held that a plaintiff is barred from asserting a patent in a subsequent action against products or processes if that patent could have been asserted in the prior action." Am. Stock Exch., 215 F.R.D. at 92.

The doctrine of claims splitting bars plaintiff from raising the claims it asserts in this Second Lawsuit. Plaintiff seeks to assert a claim of infringement of the same patent against the same party. Plaintiff attempted to raise these claims in the First Lawsuit and was barred from doing due to her lengthy delay in raising those claims, so the very next day she filed a second action asserting the same claims against the same party in the same federal court. This is precisely the approach that the court rejected in <u>Civix.</u>

## II.     THE SECOND LAWSUIT SHOULD BE DISMISSED BECAUSE IT IS DUPLICATIVE OF THE FIRST LAWSUIT.

The Second Lawsuit should also be dismissed for the independent reason that it is duplicative of the First Lawsuit. The Seventh Circuit Court of Appeals has held that:

> As a general rule, a federal suit may be dismissed 'for reasons of wise judicial administration . . . whenever it is duplicative of a parallel action already pending in another federal court.' . . . . District courts are accorded a 'great deal of latitude and discretion' in determining whether one action is duplicative of another, but generally as suit is duplicative if the 'claims, parties, and available relief do not significantly differ between the two actions.

<u>Serlin v. Arthur Andersen & Co.</u>, 3 F.3d 221, 223 (7th Cir. 1993) (quoting <u>Ridge Gold Standards v. Seagrams</u>, 572 F. Supp. 1210, 1213 (N.D. Ill 1983); other internal citations omitted).

"The irrationality of tolerating duplicative litigation in the federal system is all the more pronounced where, as here, two federal judges sitting on the same district court are . . . devoting scarce judicial resources to the adjudication of the same charges by essentially the same plaintiffs against the same defendants.'" <u>Serlin</u>, 3 F.3d at 223 (quoting <u>Ridge Gold</u>, 572 F. Supp. at 1213). The court in <u>Serlin</u> emphasized that if the plaintiff found himself without judicial relief, it was a consequence of his failure to follow the rules, and it is a legitimate concern of wise judicial administration to take the plaintiff's own behavior into consideration.

Plaintiff's Second Lawsuit should be dismissed because it is duplicative of the First Lawsuit, which is currenlty pending before Magistrate Judge Mason. Plaintiff, unhappy with a

ruling based on her dilatory actions, filed a new case making the same allegations, against the same defendant, in the same court. Plaintiff could have asserted the claim alleged in the Second Lawsuit in the First Lawsuit before discovery closed, but failed to do so in a timely manner. Sound judicial administration calls for prompt dismissal of this action.

## III.   THE SECOND LAWSUIT SHOULD BE DISMISSED BECAUSE IT WAS A COMPULSORY COUNTERCLAIM TO SARA LEE'S DECLARATORY JUDGMENT COUNTERCLAIM IN THE FIRST LAWSUIT.

The Second Lawsuit should be dismissed for the additional independent reason that its allegations consist solely of compulsory counterclaim that plaintiff failed to assert in the First Lawsuit. Federal Rules of Civil Procedure Rule 13(a) provides that:

> A pleading shall state as a counterclaim any claim which at the time of serving of the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for the its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

Fed. R. Civ. P. 13(a) (2005). The purpose behind Rule 13(a) is "judicial economy; to avoid a multiplicity of actions by resolving in a single lawsuit all disputes that ensue from a common factual background." In re: Price, 42 F.3d 1068, 1073 (7th Cir. 1994); see also Polymer Indus. Products Co. v. Bridgestone/Firestone, Inc., 347 F.3d 935, 938 (Fed. Cir. 2003); Multiut Corp. v. Dynergy, Inc., No. 04 C 8283, 2005 U.S. Dist. LEXIS 8537, at *5 (N.D. Ill. April 13, 2005) (Ex. O); Inforizons, Inc. v. Ved Software Services, Inc., 204 F.R.D. 116, 119 (N.D. Ill. 2001).

Under Federal Circuit law, an action for a declaratory judgment of non-infringement makes a counterclaim on infringement compulsory. Polymer Indus., 347 F. 3d. at 938. A party that does not raise infringement as a compulsory counterclaims is "forever barred from asserting that claim in future litigation." Id. In the Seventh Circuit, the test for whether a counterclaim is mandatory because it arises out of the same transaction or occurrence is whether there is a "logical relationship." In re Price, 42 F.3d at 1073; see also Inforizons, 204 F.R.D at 119. The

test is a flexible one -- courts should conduct a careful examination of the facts in each claim to determine whether the claims are logically related, i.e., what are the legal grounds for recovery, the law involved, and the respective factual background. When the same parties, the same issues, and the same relief would be possible, the totality of the claims indicate a logical relationship between the two parties. <u>Inforizons</u>, 204 F.R.D at 119; <u>see also</u> <u>Urban v. United States</u>, No. 03 C 6630, 2005 U.S. Dist. LEXIS 428 at *9 (N.D. Ill. Jan 12, 2005) (Ex. P).

In the First Lawsuit, Sara Lee pleaded a counterclaim of noninfringement. Plaintiff did not file a counterclaim for infringement to Sara Lee's counterclaim as required under Rule 13(a) of the Federal Rules of Civil Procedure. Thus, plaintiff did not file the compulsory counterclaim, and is thus barred from pursuing this action. Moreover, in her First Amended complaint, plaintiff specifically and only alleged infringement of the D'Italiano, Healthy Choice, and Butter Top products relating to the twelve formulas, but did not identify any additional products or formulas as infringing. While she knew of the existence of the newly accused products and had a lengthy list of formulas for almost a year, she did not raise a claim of infringement of those products or formulas by Sara Lee in her reply to defendant's answer to the First Amended Complaint. As a result, she is barred in the First Complaint from presenting evidence of the products include in this Second Lawsuit.

As counsel for plaintiff has admitted, the parties and patent are the same in each suit. The substantive issue involved in the two cases are identical: whether bread produced by Sara Lee containing ascorbic acid and food acid infringes upon plaintiff's patent. The same monetary relief would be possible in either suit. The totality of the facts indicate that the claims are logically related and that judicial economy would be served their treatment as compulsory counterclaims. Thus, Rule 13(a) bars plaintiff from asserting new claims in the Second Action

because such claims are compulsory counterclaims to the Defendant's declaratory judgment claims in the initial action. Civix, 2005 U.S. Dist LEXIS 9493 at *10-11.

Under both the Seventh Circuit's logical relationship test and the Federal Circuit rule requiring that infringement claims be brought as compulsory counterclaims to noninfringement allegations, plaintiff is barred under Fed. R. Civ. P. 13(a) from asserting the claims of infringement in this action, and this Second Lawsuit should be dismissed.

## **CONCLUSION**

For the foregoing reasons, defendant Sara Lee, respectfully requests that the Court dismiss the Complaint.

Dated: August 1, 2005

Respectfully submitted,

SARA LEE BAKERY GROUP, INC.

By:    s/Elizabeth L. Fine
      One of its Attorneys

Craig C. Martin (Atty. No. 06201581)
Elizabeth L. Fine (Atty. No. 06282854)
JENNER & BLOCK LLP
One IBM Plaza
Chicago, IL 60611
Telephone: 312 222-9350
Facsimile: 312 527-0484