# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Yoon Ja Kim, Ph.D., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 05 CV 3138 |
| v. | ) |
| | ) Judge Mark Filip |
| | ) |
| Sara Lee Bakery Group, Inc., | ) **Filed Electronically** |
| | ) |
| Defendant. | ) |

## PLAINTIFF YOON JA KIM, Ph.D.'S OPPOSITION TO
## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

James P. Murphy, IL Bar No. 6,243,585
Dean A. Pelletier, IL Bar No. 6,230,024
Jonathan M. Rushman, IL Bar No. 6,283,900
MCANDREWS, HELD & MALLOY, LTD.
500 West Madison St., Suite 3400
Chicago, IL 60661
Telephone: (312) 775-8000
Facsimile: (312) 775-8100

**ATTORNEYS FOR PLAINTIFF,
YOON JA KIM, Ph.D.**

## TABLE OF CONTENTS

I.    THE *EARTHGRAINS* ACTION AND THIS ACTION ARE SIGNIFICANTLY DIFFERENT ............................................................................................. 3

    A.    The *Earthgrains* Action Involves Healthy Choice, D'Italiano And Buttertop Products ................................................................................................... 3

    B.    This Action Involves Products Not At Issue In The *Earthgrains* Action .......................................................................................................................... 4

II.   DR. KIM'S PATENT INFRINGEMENT CAUSE OF ACTION HERE IS NOT DUPLICATIVE OF HER PATENT INFRINGEMENT CAUSE OF ACTION IN *EARTHGRAINS* ............................................................................................ 5

III.  THIS ACTION DOES NOT INVOLVE THE SPLITTING OF ANY CLAIM FOR RELIEF ....................................................................................................... 8

IV.  DR. KIM WAS UNDER NO OBLIGATION TO FILE A COUNTERCLAIM, OR AMEND HER COMPLAINT OR AMENDED COMPLAINT, IN RESPONSE TO SARA LEE'S NON-INFRINGEMENT COUNTERCLAIM .............................................................................. 10

V.   DR. KIM MADE REASONABLE EFFORTS TO SUPPLEMENT HER INFRINGEMENT CONTENTIONS IN THE *EARTHGRAINS* ACTION ...................... 12

VI.  JUDGE MASON'S ORDER BARRING CERTAIN EVIDENCE FROM THE *EARTHGRAINS* ACTION DOES NOT PRECLUDE DR. KIM FROM PURSUING THIS ACTION ................................................................................. 13

VII. CONCLUSION ..................................................................................................................... 15

## **TABLE OF AUTHORITIES**

<u>CASES</u>

*Am. Stock Exch., LLC v. Mopex, Inc.*,
   215 F.R.D. 87 (S.D.N.Y. 2002) ......................................................................................... 8, 9

*Bayer AG v. Biovail Corp.*,
   279 F.3d 1340 (Fed. Cir. 2002)............................................................................................ 14

*Cent. States, Southeast & Southwest Areas Pension Fund v. Hunt Truck Lines,*
   *Inc.*,
   296 F.3d 624 (7th Cir. 2002)................................................................................................. 14

*Chaveriat v. Williams Pipe Line Co.*,
   11 F.3d 1420 (7th Cir. 1993)........................................................................................... 11, 14

*Civix-DDI, LLC v. Expedia, Inc.*,
   No. 04 C 8031, 2005 U.S. Dist. LEXIS 9493 (N.D. Ill. May 2, 2005) ..................................... 8, 9

*Conley v. Gibson*,
   355 U.S. 41 (1957)............................................................................................................. 15

*Corning Glass Works v. Sumitomo Elec. U.S.A., Inc.*,
   868 F.2d 1251 (Fed. Cir. 1989)...................................................................................... 1, 4, 13

*Del Mar Avionics, Inc. v. Quinton Instrument Co.*,
   836 F.2d 1320 (Fed. Cir. 1987)............................................................................. 2, 6, 7, 8, 12, 14

*Georgia-Pacific Corp. v. U.S. Plywood Corp.*,
   318 F. Supp. 1116 (S.D.N.Y. 1970)........................................................................................ 6, 7

*In re Price*,
   42 F.3d 1068 (7th Cir. 1994)............................................................................................... 12

*Interdigital Technology Corp. v. OKI America, Inc.*,
   845 F. Supp. 276 (E.D. Penn. 1994) ....................................................................................... 5

*International Truck & Engine Corp. v. Caterpillar, Inc.*,
   73 U.S.P.Q.2d (BNA) 1754 (N.D. Ind. 2004)........................................................................... 13

*Johnson v. Exxon Mobil Corp.*,
   No. 02 C 5003, 2004 U.S. Dist. LEXIS 1279 (N.D. Ill. January 30, 2004) ................................ 11

*Jumpsport, Inc. v. Hedstrom Corp.*,
   No. C 04-0199 PJH, 2004 U.S. Dist. LEXIS 20382 (N.D. Cal. 2004) ..................................... 9, 14

*Kearns v. General Motors Corp.*,
  94 F.3d 1553 (Fed. Cir. 1996) ................................................................. 13, 15

*Lekas v. Briley*,
  405 F.3d 602 (7th Cir. 2005) ........................................................................ 5

*Markman v. Westview Instruments, Inc.*,
  52 F.3d 967 (Fed. Cir. 1995) .............................................................. 3, 4, 13

*Mars, Inc. v. Nippon Conlux Kabushiki-Kaisha*,
  58 F.3d 616 (Fed. Cir. 1995) ......................................................................... 8

*Multiut Corp. v. Dynergy, Inc.*,
  No. 04 C 8283, 2005 U.S. Dist. LEXIS 8537 (N.D. Ill. April 13, 2005) .................................. 11

*Phillips v. The Raymond Corp.*,
  213 F.R.D. 521 (N.D. Ill. 2003) ................................................................... 15

*Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.*,
  203 F.3d 790 (Fed. Cir. 2000) .................................................................. 4, 10

*Polymer Industrial Products Co. v. Bridgestone/Firestone, Inc.*,
  347 F.3d 935 (Fed. Cir. 2000) ................................................................ 10, 11

*Ridge Gold Standard Liquors, Inc. v. Seagram & Sons, Inc.*,
  572 F. Supp. 1210 (N.D. Ill. 1983) ................................................................ 7

*Serlin v. Arthur Anderson & Co.*,
  3 F.3d 221 (7th Cir. 1993) ...................................................................... 5, 7

*Showmaker v. Advanta USA, Inc.*,
  411 F.3d 1366 (Fed. Cir. 2005) ................................................................. 2, 5

*Teleflex, Inc. v. Ficosa N. Am. Corp.*,
  299 F.3d 1313 (Fed. Cir. 2002) ................................................................. 6, 7

*United States v. Christian*,
  342 F.3d 744 (7th Cir. 2003) ..................................................................... 11

*Urban v. United States of America*,
  No. 03 C 6630, 2005 U.S. Dist. LEXIS 428 (N.D. Ill. January 11, 2005) .................................. 12

*Williams v. Lomen*,
  2003 U.S. App. LEXIS 23880 (7th Cir. November 20, 2003) ................................................ 4

*Wilson v. Sundstrand Corp.*,
  No. 99 C 6944, 2003 U.S. Dist. LEXIS 4 (N.D. Ill. 2003) ............................................... 15

iii

*Young Eng'rs, Inc. v. United States Int'l Trade Comm'n,*
721 F.2d 1305 (Fed. Cir. 1983)................................................................................2, 6, 7, 8, 14

## STATUTES

35 U.S.C. § 112 ..................................................................................................................... 1

35 U.S.C. § 154 ..................................................................................................................... 1

35 U.S.C. § 271 ..................................................................................................................... 1

## RULES

Civil Local Rule 3-4(e) of the United States District Court for the Northern
District of California ........................................................................................................ 9

Fed. R. Civ. P. 12(b)(6).................................................................................................. 1, 5

Fed. R. Civ. P. 26(e)(2) .................................................................................................... 13

Fed.R.Civ.P. 1 ................................................................................................................... 15

Fed.R.Civ.P. 8(a).............................................................................................................. 10

This action is about a sole inventor, Plaintiff Yoon Ja Kim, Ph.D. ("Dr. Kim"), seeking to fully enforce her U.S. Patent No. Re. 36,355 (the "'355 patent"), which provides her with exclusive property rights. *See* 35 U.S.C. § 154. This action is necessary because of Defendant Sara Lee Bakery Group, Inc.'s ("Sara Lee") extensive infringement of those rights through its making, using, offering to sell, selling and/or importing various accused products that are at issue in this action, but **not** at issue in *Kim v. The Earthgrains Co., k/n/a Sara Lee Bakery Group, Inc.,* civil action no. 01-CV-3895 (the "*Earthgrains* action" or "*Earthgrains*"), which is pending before Magistrate Judge Michael Mason. *See* 35 U.S.C. § 271.

Dr. Kim's Complaint And Jury Demand (Docket no. 1) properly pleads, among other things, her cause of action for patent infringement, and, as such, she has properly "state[d] a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Indeed, Sara Lee's Motion To Dismiss Plainitff's [sic, Plaintiff's] Complaint (the "Motion" or "Sara Lee's Motion") should be denied for at least five reasons:

1.  This action is not duplicative of the *Earthgrains* action. This action involves accused products **not** at issue in the *Earthgrains* action. The accused products at issue in this action are entirely different from the accused products at issue in the *Earthgrains* action and, as such, the accused products at issue in this action: (1) require their own (*i.e.*, separate) determinations of infringement and (2) involve different forms of relief (*e.g.*, different compensatory damages);

2.  This action does not involve the splitting of any claim for relief, nor does this action involve any claim for relief that is precluded in light of the *Earthgrains* action. In this action, Dr. Kim is accusing of infringement products that are **not** at issue in the *Earthgrains* action. Put another way, in this action, Dr. Kim is **not** asserting an additional patent claim(s) in her '355 patent, or asserting an additional patent(s), against the **same** products at issue in the *Earthgrains* action;[1]

---

[1] A patent concludes with numbered paragraphs known as claims. *Corning Glass Works v. Sumitomo Elec. U.S.A., Inc.*, 868 F.2d 1251, 1258 (Fed. Cir. 1989). The claims of a patent define the patented inventions. *Id.* at 1257-58; 35 U.S.C. § 112. A "patent claim" is not the same as a "claim" or "claim for relief," and, in order to avoid any possible confusion, the term "patent claim" will be used herein to refer to one of the claimed inventions in (*i.e.*, numbered paragraphs at the end of) Dr. Kim's '355 patent and

1

3.     In *the Earthgrains* action, Dr. Kim was under no obligation to file a counterclaim, or to amend her Complaint or Amended Complaint, in response to Sara Lee's non-infringement counterclaim. That is, in the *Earthgrains* action, Dr. Kim's Complaint and Amended Complaint properly allege patent infringement generally, notwithstanding any of Judge Mason's conclusions to the contrary, and Sara Lee's non-infringement counterclaim is a generally pled counterclaim. While Dr. Kim's Complaint and Amended Complaint identify exemplary accused products (that Judge Mason has deemed to be the only products at issue in the *Earthgrains* action), Sara Lee's non-infringement counterclaim is not directed to any specific products. Accordingly, Dr. Kim (through her Complaint and then Amended Complaint) has properly accused of infringement in the *Earthgrains* action any and all products encompassed by Sara Lee's general non-infringement counterclaim;

4.     Dr. Kim made reasonable efforts to supplement her infringement contentions in the *Earthgrains* action and, in particular, to include in that action at least some of the products at issue in this action; and

5.     While Judge Mason exercised his inherent authority to manage his docket and barred from the *Earthgrains* action evidence of certain accused products, the order that he issued in no way precludes Dr. Kim from accusing those (and/or other) products in another (*e.g.*, this) action. In other words, Judge Mason's order has no *res judicata* effect. Indeed, as the Court of Appeals for the Federal Circuit, which is the court to which any appeal in this action will be brought,[2] has consistently recognized, different accused products means a different claim for relief, and Dr. Kim has properly brought that different claim for relief before this Court. *See, e.g., Del Mar Avionics, Inc. v. Quinton Instrument Co.*, 836 F.2d 1320, 1324 (Fed. Cir. 1987); *Young Eng'rs, Inc. v. United States Int'l Trade Comm'n*, 721 F.2d 1305, 1316 (Fed. Cir. 1983).

---

the term "claim for relief" (or "cause of action") will be used herein to refer to Dr. Kim's legal basis for seeking relief.

[2] *See Showmaker v. Advanta USA, Inc.*, 411 F.3d 1366, 1367 (Fed. Cir. 2005).

## I.    THE *EARTHGRAINS* ACTION AND THIS ACTION ARE SIGNIFICANTLY DIFFERENT

The *Earthgrains* action and this action are significantly different because, among other things, the accused products at issue in the *Earthgrains* action are different from (*i.e.*, are not) the accused products at issue in this action.

### A.    The *Earthgrains* Action Involves Healthy Choice, D'Italiano And Buttertop Products

As alleged support for Sara Lee's Motion, Sara Lee relies heavily upon the *Earthgrains* action. Sara Lee's reliance is misplaced because it is based upon Sara Lee's mischaracterization of relevant events in that action.

To begin with, on April 26, 2004, which was approximately a year after Sara Lee was served with Dr. Kim's written discovery and **five days before discovery closed** in the *Earthgrains* action, Sara Lee finally produced to Dr. Kim's previous counsel 648 product formulas purporting to be all then existing Sara Lee product formulas that include ascorbic acid and food acid.[3]

On January 3, 2005, Dr. Kim filed and served her Amended Complaint in the *Earthgrains* action. (*See* Docket no. 69 in the *Earthgrains* action.) In that Amended Complaint, she again alleged infringement **generally**, and identified accused products as being "at least" (*i.e.*, including) "Buttertop," "D'Italia[no]" and "Healthy Choice" products. (*See* Docket no. 69 in the *Earthgrains* action, ¶ 6.)

On November 4, 2004, the parties began briefing and, as of December 10, 2004, the parties had fully briefed the issue of claim construction in the *Earthgrains* action.[4] (*See* Docket nos. 54-62 in the *Earthgrains* action.) On January 10, 2005, Judge Mason issued his claim construction order. (*See* Docket no. 70 in the *Earthgrains* action.) That order, for the first time in the *Earthgrains* action, set forth the metes and bounds of the '355 patent's claims and allowed

---

[3]  Each of the '355 patent's claims is directed to a "potassium bromate replacer composition" that includes ascorbic acid and food acid. (Exhibit A hereto.)

[4]  In patent infringement actions, the process of interpreting disputed patent claim limitations (*i.e.*, interpreting the meaning of disputed language in the patent claims) is known as claim construction. *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 976 (Fed. Cir. 1995). Claim construction is a question of law for the court. *Id.* at 977.

Dr. Kim's counsel to finally compare the claims, as construed, to the 648 formulas that Sara Lee had belatedly produced. *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 976 (Fed. Cir. 1995) ("An infringement analysis entails two steps. The first step is determining the meaning and scope of the patent claims asserted to be infringed. The second step is comparing the properly construed claims to the [product] accused of infringing.") (citation omitted); *Corning Glass Works v. Sumitomo Elec. U.S.A., Inc.*, 868 F.2d 1251, 1257 (Fed. Cir. 1989) ("[a] claim in a patent provides the metes and bounds of the right which the patent confers on the patentee").

On March 9, 2005, Judge Mason ordered Dr. Kim to supplement, by April 8, 2005, her discovery responses in the *Earthgrains* action. (*See* Docket no. 82 in the *Earthgrains* action.) On April 7, 2005, less than 90 days after Judge Mason's claim construction order was issued and approximately two weeks after Dr. Kim's current counsel gained access to the 648 formulas, Dr. Kim timely supplemented her discovery responses and, as part of those supplemental responses, identified a complete list, at that time, of the accused Sara Lee products.

On April 26, 2005, Sara Lee moved to bar evidence relating to products that Sara Lee asserted were not accused prior to Dr. Kim's April 7, 2005 supplemental discovery responses. (Docket no. 86 in the *Earthgrains* action.)

On May 12, 2005, Judge Mason exercised his inherent discretion to manage his docket and granted Sara Lee's motion to bar evidence. (Docket no. 89 in the *Earthgrains* action.) *See Williams v. Lomen*, 2003 U.S. App. LEXIS 23880, at **3-4 (7th Cir. November 20, 2003) ("A district court has substantial discretion in managing its schedule and docket.") (Exhibit B hereto.) Judge Mason's May 12, 2005 order limited the *Earthgrains* action to Healthy Choice, D'Italiano and Buttertop products, and that order is expressly limited to the *Earthgrains* action. (Docket no. 89 in the *Earthgrains* action.)

**B.    This Action Involves Products Not At Issue In The *Earthgrains* Action**

On May 26, 2005, Dr. Kim commenced this action by filing her Complaint And Jury Demand. (Docket no. 1.)   In that Complaint And Jury Demand, Dr. Kim properly alleges generally that Sara Lee has infringed and is infringing her '355 patent. (*Id.*) *See Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.*, 203 F.3d 790, 794 (Fed. Cir. 2000) ("a patentee need only plead facts sufficient to place the alleged infringer on notice;" a complaint that "alleges ownership of the asserted patent, names each individual defendant, cites the patent that is

4

allegedly infringed, describes the means by which the defendants allegedly infringe, and points to the specific sections of the patent law invoked . . . contains enough detail to allow the defendants to answer. Rule 12(b)(6) requires no more."). In other words, in order to properly plead a cause of action for patent infringement, a patent owner need not identify specific accused products or specific formulas used to make those products. *See Interdigital Technology Corp. v. OKI America, Inc.*, 845 F. Supp. 276, 283 (E.D. Penn. 1994) ("Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, plaintiff is required only to make 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Plaintiff need not identify, in the complaint, specific products by name, so long as they are sufficiently identified in some way.")

Significantly, in this action, Dr. Kim is not accusing and will not accuse of infringement any products at issue in the *Earthgrains* action (*i.e.*, this action does not and will not involve the Healthy Choice, D'Italiano and Buttertop products at issue in the *Earthgrains* action).

## II. DR. KIM'S PATENT INFRINGEMENT CAUSE OF ACTION HERE IS NOT DUPLICATIVE OF HER PATENT INFRINGEMENT CAUSE OF ACTION IN *EARTHGRAINS*

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6).

The Federal Circuit has explained that "[a] motion to dismiss for failure to state a claim upon which relief can be granted is a purely procedural question not pertaining to patent law, to which this court applies the rule of the regional circuit." *Showmaker v. Advanta USA, Inc.*, 411 F.3d 1366, 1367 (Fed. Cir. 2005). Nevertheless, underlying patent law principles, which are set forth below, are relevant to the proper disposition (*i.e.*, denial) of Sara Lee's Motion.

The Seventh Circuit has explained that "[a] complaint should be dismissed for failure to state a claim **only if no relief** could be granted under any set of facts that could be proved consistent with the allegations." *Lekas v. Briley*, 405 F.3d 602, 606 (7th Cir. 2005) (emphasis added) (citation omitted).

The Seventh Circuit has also explained that "a federal suit may be dismissed . . . whenever it is duplicative of a parallel action already pending in another federal court" and that "a suit is duplicative [only] if the **claims [*i.e.*, causes of action]**, parties, **and available relief do not significantly differ** between the two actions." *Serlin v. Arthur Anderson & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) (citations omitted) (emphases added).

5

The Federal Circuit has explained that determining whether a product infringes a patent involves "a factual comparison of the claimed invention to **the accused device** [*i.e.*, product]. . . ." *Teleflex, Inc. v. Ficosa N. Am. Corp.*, 299 F.3d 1313, 1323 (Fed. Cir. 2002) (emphasis added). Further, "[w]ith respect to patent litigation, [the Federal Circuit is] unpersuaded that an 'infringement claim,' for purposes of claim preclusion, embraces more than the specific devices [*i.e.*, products] before the court in the first suit." *Young Eng'rs*, 721 F.2d at 1316. In other words, "[a product] not previously before the court, and shown to differ from those [products] previously litigated, requires determination [of infringement] on its own facts." *Del Mar*, 836 F.2d at 1324.

Further, the relief (*e.g.*, compensatory damages) available to a patent owner in a patent infringement action depends upon the specific products that are accused of infringement. That is, in *Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116 (S.D.N.Y. 1970), which is the seminal case on determining the reasonable royalty damages that an infringer owes to a patent owner, one factor considered in determining reasonable royalty damages is the profitability of the infringing products. *See Georgia-Pacific*, 318 F. Supp. at 1120. In other words, different infringing products (each with its own profitability, *i.e.*, sales (revenue) and costs) result in a significantly different reasonable royalty damages award.

Contrary to Sara Lee's assertions, this action is not duplicative of -- indeed, is significantly different from -- the *Earthgrains* action because Dr. Kim's cause of action for infringement in this action is different than her cause of action for infringement in the *Earthgrains* action. (Sara Lee's Memorandum, Docket no. 12 ("Sara Lee's Memo"), p. 7.) More specifically, the products at issue in the *Earthgrains* action are Healthy Choice, D'Italiano and Buttertop products. On the other hand, the products at issue in this action are **not** those products; rather, the products at issue in this action are all other Sara Lee products that include the ingredients, within the ranges or in the amounts, set forth in the '355 patent's claims. (*See* Exhibit A ('355 patent's claims).) Because, for example, the products at issue in this action are made according to formulas not at issue in the *Earthgrains* action, determining whether an accused product in this action infringes one or more of the '355 patent's claims will be a separate and distinct issue from determining whether any of the accused products at issue in the

6

*Earthgrains* action infringes one or more of the '355 patent's claims. *See Teleflex*, 299 F.3d at 1323; *Young Eng'rs*, 721 F.2d at 1316; *Del Mar*, 836 F.2d at 1324.

Further, because the products at issue in this action are different than (*i.e.*, are **not**) the products at issue in the *Earthgrains* action, different measures of relief, *e.g.*, significantly different damages,[5] are being sought in this action. For example, Sara Lee's sales of and costs for (*i.e.*, profitability of) each particular accused product in this action will be used to calculate the reasonable royalty (*i.e.*, compensatory) damages to which Dr. Kim is entitled in this action. *See, e.g.*, *Georgia-Pacific*, 318 F. Supp. at 1120. In contrast, entirely different accused products, each with its own respective sales and costs, will be used to calculate the reasonable royalty damages to which Dr. Kim is entitled in the *Earthgrains* action. Sara Lee's assertion that "[t]he same monetary relief would be possible in [this action and the Earthgrains action]" is simply incorrect as a matter of law. (Sara Lee's Memo, p. 9.)

Also, the relevant facts in the case law upon which Sara Lee relies are not analogous to the relevant facts here, and that case law actually supports the denial of Sara Lee's Motion. In *Serlin*, for example, a second complaint for violation of the Age Discrimination in Employment Act was dismissed because: (1) the plaintiff's first and second complaints involved the same parties and sought the **same remedies**; and (2) the plaintiff's second complaint alleged only **violations that were alleged in the first complaint**. *Id.* (*See* Sara Lee's Memo, p. 7.) In contrast, and as explained above, the claim for relief (*i.e.*, infringement inquiries) and relief (*e.g.*, compensatory damages) at issue in this action are significantly different than the claim for relief and relief at issue in the *Earthgrains* action.[6]

---

[5] The permanent injunction that Dr. Kim is seeking and expects to obtain in the *Earthgrains* action should prevent Sara Lee from making, using, offering to sell, selling and importing any products that infringe Dr. Kim's '355 patent.

[6] Another case to which Sara Lee cites, *Ridge Gold Standard Liquors, Inc. v. Seagram & Sons, Inc.*, 572 F. Supp. 1210 (N.D. Ill. 1983), also supports denial of Sara Lee's Motion. (Sara Lee's Memo, p. 7.) That is, in *Ridge Gold*, the court found two causes of action duplicative because they involved "the **same claims** and request[ed] **identical relief**" and there was "an identity of parties" between the two causes of action. 572 F. Supp. at 1214. (emphases added.) As explained herein, Dr. Kim's claims for relief and relief being sought in this action are significantly different than her claims for relief and relief being sought in the *Earthgrains* action.

## III. THIS ACTION DOES NOT INVOLVE THE SPLITTING OF ANY CLAIM FOR RELIEF

As explained above, this action is significantly different from (*i.e.*, involves different products (and, thus, different infringement inquiries) and different relief (*e.g.*, compensatory damages) than are at issue in) the *Earthgrains* action. As such, Sara Lee's claim-splitting/claim preclusion arguments are off the mark and should be disregarded.

As explained above, "[w]ith respect to patent litigation, [the Federal Circuit is] unpersuaded that an 'infringement claim,' for purposes of claim preclusion, embraces more than the specific devices before the court in the first suit." *Young Eng'rs*, 721 F.2d at 1316. *See also Del Mar*, 836 F.2d at 1324 ("A [product] not previously before the court, and shown to differ from those [products] previously litigated, requires determination [of infringement] on its own facts."). Thus, where, as here, a patent owner accuses of infringement additional products that are not being litigated in another action and have not been previously litigated, such accusations are not considered to be claim splitting and are not barred by the doctrine of claim preclusion (*i.e.*, *res judicata*).

Sara Lee relies on *Civix-DDI, LLC v. Expedia, Inc.*, No. 04 C 8031, 2005 U.S. Dist. LEXIS 9493 (N.D. Ill. May 2, 2005) (St. Eve, J.) (Exhibit C hereto) and *Am. Stock Exch., LLC v. Mopex, Inc.*, 215 F.R.D. 87 (S.D.N.Y. 2002) to substantiate its assertion that this action is barred by the prohibition against claim-splitting (*i.e.*, by the doctrine of claim preclusion). As explained below, Sara Lee's reliance on those cases is misplaced because both of those cases addressed additionally asserted **patent claims**, not additional **accused products**.[7]

In *Civix*, after discovery closed, the plaintiff identified additional patent claims as being infringed. 2005 U.S. Dist. LEXIS 9493, at *5. Upon objection, the plaintiff withdrew the additional patent claims and filed a new action, asserting those **additional patent claims** against the **same products** at issue in the first action. *Id.* at *6, *17. The court held that the plaintiff was barred from asserting patent claims it failed to timely assert in the initial action. *Id.* at *17.

---

[7] Sara Lee's reliance on *Mars, Inc. v. Nippon Conlux Kabushiki-Kaisha*, 58 F.3d 616 (Fed. Cir. 1995) is also misplaced. In that action, the Federal Circuit found claim preclusion applicable where a patent owner asserted the same patent against the **same devices** that were previously litigated. *Id.* at 618-20. No such circumstances exist here.

Similarly, in *Am. Stock Exch.*, the plaintiff contended, after the close of discovery, that an additional patent claim was being infringed. 215 F.R.D. 87 at 94. The court held that the plaintiff was precluded from asserting infringement of that patent claim at trial. *Id.* at 96.

In contrast to the plaintiffs in *Civix* and *Am. Stock Exch.*, Dr. Kim is not asserting additional patent claims that were not asserted against the products at issue in the *Earthgrains* action. Rather, she is properly pursuing another patent infringement cause of action against **different products** that Sara Lee successfully excluded from the *Earthgrains* action. Sara Lee cannot now properly seek to exclude those products from -- *i.e.*, dismiss -- this action. *See Jumpsport, Inc. v. Hedstrom Corp.*, No. C 04-0199 PJH, 2004 U.S. Dist. LEXIS 20382, at *6-9 (N.D. Cal. 2004) (Hamilton, J.) (allowing a patent owner to assert the same patent against the same defendant in a second action because the products accused of infringement in the second action were excluded from the first action at the defendant's request) (Exhibit D hereto).[8]

Thus, because Dr. Kim, in this action, is not asserting an additional patent claim(s), or an additional patent(s), against the same products at issue in the *Earthgrains* action, and, instead, is accusing of infringement products **not** at issue in the *Earthgrains* action, Sara Lee's claim-splitting/claim preclusion arguments are off the mark and should be disregarded. Indeed, if Sara Lee's position were legally correct -- and, as explained herein, it is not -- then, for example, no patent owner could bring against the same defendant a new infringement action relating to new or other products that the defendant did not, could not or did not timely identify in a first action brought against it. Such a result would be unjust and contrary to applicable law.

---

[8] Dr. Kim notes that *Jumpsport* is marked as "Not For Citation," and Civil Local Rule 3-4(e) of the United States District Court for the Northern District of California states: "Prohibition of Citation to Uncertified Opinion or Order. Any order or opinion that is designated: 'NOT FOR CITATION,' pursuant to Civil L.R. 7-14 or pursuant to a similar rule of any other issuing court, may not be cited to this Court, either in written submissions or oral argument, except when relevant under the doctrines of law of the case, *res judicata* or collateral estoppel." (The Northern District of California's Civil Local Rules are available at http://www.cand.uscourts.gov.) *Jumpsport* may nevertheless be cited to other courts, including this one.

## IV. DR. KIM WAS UNDER NO OBLIGATION TO FILE A COUNTERCLAIM, OR AMEND HER COMPLAINT OR AMENDED COMPLAINT, IN RESPONSE TO SARA LEE'S NON-INFRINGEMENT COUNTERCLAIM

Dr. Kim's Complaint and Amended Complaint in the *Earthgrains* action allege infringement generally. For example, Dr. Kim's Amended Complaint alleges:

> Sara Lee engaged in the business of developing, manufacturing, producing and distributing certain types of breads under **at least** the "Healthy Choice" brands and the "D'Italia[no]" and "Buttertop" brands (collectively "Accused Products").

(Docket no. 69 in the *Earthgrains* action, ¶ 6; emphasis added.) Such general pleading of infringement is proper and encompasses **all** potentially infringing products, notwithstanding any of Judge Mason's conclusions to the contrary. *See Phonometrics,* 203 F.3d at 794.[9]

Sara Lee's non-infringement counterclaim in the *Earthgrains* action is also generally pled, as it alleges that "[Sara Lee] has not infringed U.S. Patent No. Re. 36,355." (Docket no. 78 in the *Earthgrains* action, ¶ 35.) In contrast to the defendant in *Polymer Industrial* (a case upon which Sara Lee relies), Sara Lee, by its general non-infringement counterclaim, is **not** seeking a declaration of non-infringement as to any **specific** product(s) and, in light of its express statements to Judge Mason (further explained below), is **not** seeking a declaration of non-infringement as to any of the products at issue in this action. *Polymer Industrial Products Co. v. Bridgestone/Firestone, Inc.,* 347 F.3d 935, 936-39 (Fed. Cir. 2000). In other words, Sara Lee, by its non-infringement counterclaim in the *Earthgrains* action, did not put at issue in the *Earthgrains* action the products at issue in this action. As such, Dr. Kim was not obligated to file, in the *Earthgrains* action, a counterclaim specifically identifying any accused product(s), and she was not obligated to amend her Complaint or Amended Complaint such that her infringement allegations (in that action) name any additional, exemplary accused products.[10]

---

[9] Dr. Kim has not identified, in her Complaint or Amended Complaint in the *Earthgrains* action, any product formulas and there is no requirement that she have done so. *See* Fed.R.Civ.P. 8(a); *Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.,* 203 F.3d 790, 794 (Fed. Cir. 2000). Moreover, Dr. Kim did not have access to any accused product formulas when she filed her Complaint and Amended Complaint in the *Earthgrains* action and, even today, still (improperly) lacks access to most accused formulas at issue in that action and all accused formulas at issue in this action.

[10] Dr. Kim acknowledges that an infringement counterclaim is compulsory where a potential infringer commences an action seeking a declaratory judgment of non-infringement. *See Polymer Industrial Products Co. v. Bridgestone/Firestone, Inc.,* 347 F.3d 935, 938 (Fed. Cir. 2003). However, where, as in

Further, under the doctrine of judicial estoppel, "[a] litigant is forbidden to obtain a victory on one ground and then repudiate that ground in a different case in order to win a second victory." *Chaveriat v. Williams Pipe Line Co.*, 11 F.3d 1420, 1427 (7th Cir. 1993). "Judicial estoppel may apply when (1) the later position is clearly inconsistent with the earlier position; (2) the facts at issue are the same in both cases; (3) the party to be estopped convinced the first tribunal to adopt its position; and (4) the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Johnson v. Exxon Mobil Corp.*, No. 02 C 5003, 2004 U.S. Dist. LEXIS 1279, at *12 (N.D. Ill. January 30, 2004) (St. Eve, J.) (Exhibit F hereto), *citing United States v. Christian*, 342 F.3d 744, 747 (7th Cir. 2003).

In the *Earthgrains* action, Sara Lee expressly stated to Judge Mason that Dr. Kim "dramatically changed the [*Earthgrains*] case by accusing 450 different products of infringement[,]" *i.e.*, by supplementing her discovery responses to account for accused products that Sara Lee contended were **not at issue** in that action. (Docket no. 86 in the *Earthgrains* action, p. 3.) Faced with the same relevant facts, Sara Lee is now taking a position that is clearly

---

the *Earthgrains* action, a patent owner commences an action for patent infringement and generally pleads her cause of action, and the accused infringer's counterclaim for non-infringement is also generally pled, no further pleading by the patent owner is required. Indeed, to conclude otherwise would be an endorsement of and result in a game of never-ending pleadings.

Sara Lee's reliance on *Polymer Industrial* is simply misplaced because, as explained above, the defendant in *Polymer Industrial* had filed, in the prior (*i.e.*, first) action between the parties, a counterclaim seeking a declaratory judgment of non-infringement as to a **specific** product, *i.e.*, the "Skim-2 product." 347 F.2d at 937. The plaintiff/patent owner's affirmative cause of action for infringement in that prior action did not specifically -- *i.e.*, reciprocally -- identify the "Skim-2 product," though its cause of action did specifically identify the "Skim-1" product. *Id.* at 936. The Federal Circuit therefore concluded that the plaintiff/patent owner's "affirmative claim of patent infringement in the prior [action] involving the same patent and the same accused product [as the defendant's counterclaim in the prior action] was compulsory[,]" *i.e.*, should have been pled and fully adjudicated (as to liability and damages) in the first action and was now barred from the second action. 347 F.3d at 937. Another case to which Sara Lee cites, *Multiut Corp. v. Dynergy, Inc.*, No. 04 C 8283, 2005 U.S. Dist. LEXIS 8537, (N.D. Ill. April 13, 2005) (Darrah, J.) (Exhibit E hereto), also supports denial of Sara Lee's Motion. (Sara Lee's Memo, p. 8.) In *Multiut*, the court denied the motion to dismiss because, analogous to the circumstances at issue here, "the **facts** and legal theory involved in the two cases are distinct[,]" *i.e.*, the subsequently-filed cause of action "is not a compulsory counterclaim to the First Lawsuit." *Id.* at *7 (emphasis added).

11

inconsistent with -- indeed, 180 degrees from -- that position.[11]  That is, Sara Lee is now asserting that the distinct products at issue in this action and which it successfully excluded from the *Earthgrains* action **were at issue** in the *Earthgrains* action vis-á-vis its general non-infringement counterclaim, *i.e.*, that Sara Lee's non-infringement counterclaim in the *Earthgrains* action is "logically related" to Dr. Kim's patent infringement cause of action here. (Sara Lee's Memo, pp. 8-10.)  *See In re Price*, 42 F.3d 1068, 1072-73 (7th Cir. 1994).  Sara Lee cannot have it both ways and should be judicially estopped from even attempting to have it both ways.  Indeed, if Sara Lee were allowed to advance its clearly inconsistent position in this action (and, in the process, have this action dismissed), then it would derive an unfair advantage, *i.e.*, extensive infringement of Dr. Kim's '355 patent, with impunity.[12]

## V.    DR. KIM MADE REASONABLE EFFORTS TO SUPPLEMENT HER INFRINGEMENT CONTENTIONS IN THE *EARTHGRAINS* ACTION

As explained above, in the *Earthgrains* action, Sara Lee produced 648 product formulas to Dr. Kim's previous counsel only **five days** before discovery closed.  Thus, as a practical matter, Dr. Kim, who lacked (and still lacks) access to those belatedly produced product formulas, could not have accused, or even attempted to accuse, before discovery in the *Earthgrains* action had closed any additional products.  *Cf. Del Mar Avionics, Inc. v. Quinton Instrument Co.*, 836 F.2d 1320, 1324 (Fed. Cir. 1987) (rejecting a defendant's argument that certain products "could have been litigated" previously because the defendant did not produce information regarding those products in the previous action).  Sara Lee's assertion to the contrary is simply unreasonable and incorrect.  (Sara Lee's Memo, p. 8.)

Further, the parties began to brief the issue of claim construction in the *Earthgrains* action on November 4, 2004, and Judge Mason issued his claim construction order on January 10, 2005.  (*See* Docket nos. 55 and 70 in the *Earthgrains* action.)  That order, for the first time in

---

[11] Sara Lee's blatant flip-flop is highly improper, and one of the cases to which Sara Lee cites establishes just that.  *Urban v. United States of America*, No. 03 C 6630, 2005 U.S. Dist. LEXIS 428, at *10-11 (N.D. Ill. January 11, 2005) (Ashman, J.) (Exhibit G hereto).  (Sara Lee's Memo, p. 9.)

[12] If, in this action, Sara Lee persists in asserting that the products at issue in this action were at issue in the *Earthgrains* action as a result of its non-infringement counterclaim, then Sara Lee should immediately inform Judge Mason that it misrepresented to him the scope of the *Earthgrains* action in an attempt to partially exculpate itself from liability for its extensive infringement of Dr. Kim's '355 patent.

the *Earthgrains* action, set forth the metes and bounds of the claims of Dr. Kim's '355 patent. *See Corning*, 868 F.2d at 1257; *Markman*, 52 F.3d at 976. Thus, Dr. Kim could not have reasonably identified, with certainty and prior to January 10, 2005, all additional accused products for which Sara Lee had belatedly produced formulas.

On April 7, 2005, less than 90 days after the claim construction order was issued and approximately two weeks after Dr. Kim's current counsel first gained access to the 648 formulas, Dr. Kim timely supplemented her discovery responses and, as part of those supplemental responses, identified a complete list, at that time, of the accused Sara Lee products. Thus, Dr. Kim's supplemental infringement contentions were seasonably amended under Fed. R. Civ. P. 26(e)(2), notwithstanding Judge Mason's May 12, 2005 order. (Docket No. 89 in the *Earthgrains* action.) *See, e.g., International Truck & Engine Corp. v. Caterpillar, Inc.*, 73 U.S.P.Q.2d (BNA) 1754 (N.D. Ind. 2004).

In sum, Dr. Kim made reasonable efforts to supplement her infringement contentions in the *Earthgrains* action. She did not inadequately comply with any court orders or deadlines, nor did she engage in any undue delay, in connection with supplementing those contentions.[13] (Sara Lee's Memo, p. 6.) In fact, Sara Lee's delayed production of product formulas and unwillingness to allow Dr. Kim access to those formulas explains any alleged delay in Dr. Kim's attempting to include in the *Earthgrains* action the products now properly at issue in this action.

## VI. JUDGE MASON'S ORDER BARRING CERTAIN EVIDENCE FROM THE *EARTHGRAINS* ACTION DOES NOT PRECLUDE DR. KIM FROM PURSUING THIS ACTION

On May 12, 2005, Judge Mason limited the *Earthgrains* action to Healthy Choice, D'Italiano and Buttertop products. (Docket no. 89 in the *Earthgrains* action.) Notably, however, Judge Mason's order barring evidence of certain accused products from the *Earthgrains* action

---

[13] Sara Lee relies on *Kearns v. General Motors*, 94 F.3d 1553, 1555 (Fed. Cir. 1996) for the proposition that "[a] plaintiff may not assert claims of infringement in a second action, when the court in the first action barred these claims due to plaintiff's 'inadequate compliance with the court's orders and deadlines.'" (Sara Lee's Memo, p. 6.) Sara Lee's reliance is misplaced because, unlike the plaintiff in *Kearns*, Dr. Kim has not failed to comply with any of the court's orders or deadlines in the *Earthgrains* action.

does not preclude Dr. Kim from accusing those (and/or other) products in another action (*i.e.*, Judge Mason's order does not have *res judicata* effect).

In deciding res judicata issues, the Federal Circuit generally applies the law of the applicable regional circuit -- here, the Seventh Circuit. *See, e.g., Bayer AG v. Biovail Corp.*, 279 F.3d 1340, 1345 (Fed. Cir. 2002) (citation omitted). The Seventh Circuit has explained that "[t]he three requirements for res judicata under federal law are: (1) an identity of the parties or their privies; (2) an identity of the causes of actions; and (3) a final judgment on the merits." *Cent. States, Southeast & Southwest Areas Pension Fund v. Hunt Truck Lines, Inc.*, 296 F.3d 624 (7th Cir. 2002).

Dr. Kim does not dispute that the first requirement for applying res judicata (*i.e.*, identity of the parties) is met here.

The second requirement for applying res judicata (*i.e.*, identity of the causes of actions) is, as explained above, **not** met. This action is not identical to (*i.e.*, is not duplicative of) the *Earthgrains* action. Indeed, this action is significantly different because different products are at issue in this action. *Young Eng'rs,* 721 F.2d at 1316; *Del Mar*, 836 F.2d at 1324.

Indeed, the only reason the products at issue (*i.e.*, accused) in this action are not at issue in the *Earthgrains* action is because Sara Lee successfully moved to have them excluded from the *Earthgrains* action -- *i.e.*, Judge Mason exercised his inherent authority to manage (*i.e.*, limit) his docket in that regard. (Docket no. 86 in the *Earthgrains* action.) It would be, as explained above, disingenuous for Sara Lee to now argue that the products at issue in this action were before Judge Mason for purposes of res judicata. *See Jumpsport*, 2004 U.S. Dist. LEXIS 20382, at *6-9 (it would be "disingenuous for [the defendant] to claim that the court has somehow rendered a verdict of non-infringement for devices that [the defendant] itself claimed were not at issue in the first trial, for which no judgment was entered, and that [the defendant] itself requested that the court exclude from consideration[.]"). Indeed, Sara Lee should be judicially estopped from even making such an argument. *See Chaveriat*, 11 F.3d at 1427.

The third *requirement* for applying res judicata (*i.e.*, a final judgment on the merits) is **not** met because Judge Mason's order barring evidence of certain accused products from the *Earthgrains* action was not a final judgment. Indeed, a court in this very district has explained:

> [R]ulings on discovery or on evidence . . . are not dispositive rulings in any sense.
> If it is true (and of course it is) that a District Judge is free at any time to

14

reexamine such interlocutory discovery and evidentiary rulings of his or her own--rulings that are typically made by him or her during the progress of the litigation--it would turn the jurisprudential system on its head to ascribe irrevocable finality (akin to that of a final judgment) to any unreviewed discovery or evidentiary rulings by a Magistrate Judge.

*Phillips v. The Raymond Corp.*, 213 F.R.D. 521, 525 (N.D. Ill. 2003) (Shadur, J.).

Moreover, the Federal Circuit has explained:

When applying res judicata to bar causes of action that were not before the court in the prior action, due process of law and the interest of justice require cautious restraint. Restraint is particularly warranted when the prior action was dismissed on procedural grounds.

\* \* \*

Precedent cautions that res judicata is not readily extended to claims that were not before the court, and precedent weighs heavily against denying litigants a day in court unless there is a clear and persuasive basis for that denial.

*Kearns v. General Motors Corp.*, 94 F.3d 1553, 1556-57 (Fed. Cir. 1996). Here, there is no basis -- let alone a clear and persuasive basis -- for denying Dr. Kim her day in court. Indeed, Judge Mason's order limiting evidence (and, thus, accused products) affects only the *Earthgrains* action, and, as such, does not preclude Dr. Kim from pursuing in another (*e.g.*, this) action additional accused products. (Docket no. 89 in the *Earthgrains* action.)

## VII.   CONCLUSION

Sara Lee's Motion to Dismiss invites this Court to ignore applicable Seventh Circuit and Federal Circuit precedent, as well as the mandate that the Federal Rules of Civil Procedure "be construed and administered to secure the **just**, speedy, and inexpensive determination of every action." *See* Fed.R.Civ.P. 1 (emphasis added); *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (the "simple guide of Rule 8(f)" is "all pleadings shall be so construed as to do substantial justice"); *Wilson v. Sundstrand Corp.*, No. 99 C 6944, 2003 U.S. Dist. LEXIS 4, at \*17 (N.D. Ill. 2003) (Kennelly, J.) (the goal of the Federal Rules is "just determination of lawsuits and ascertainment of the truth") (Exhibit H hereto). Sara Lee's Motion is also no more than an unsupportable attempt to significantly limit the damages to which Dr. Kim is entitled for Sara Lee's extensive infringement of her '355 patent. For all of the reasons set forth above, Sara Lee's Motion should therefore be denied, and Dr. Kim should be allowed to pursue this action against Sara Lee.

Respectfully submitted,

15

s/ Dean A. Pelletier
James P. Murphy, IL Bar No. 6,243,585
Dean A. Pelletier, IL Bar No. 6,230,024
Jonathan M. Rushman, IL Bar No. 6,283,900
MCANDREWS, HELD & MALLOY, LTD.
500 West Madison St., Suite 3400
Chicago, IL 60661
Phone: (312) 775-8000
Fax: (312) 775-8100

**ATTORNEYS FOR PLAINTIFF,**
**YOON JA KIM, PH.D.**

Dated: September 1, 2005

16

## CERTIFICATE OF SERVICE

I, Jonathan M. Rushman, hereby certify that on September 1, 2005, true and correct copies of the foregoing:

### PLAINTIFF YOON JA KIM, Ph.D.'S OPPOSITION TO
### DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT;

### EXHIBITS A – H TO PLAINTIFF YOON JA KIM, Ph.D.'S OPPOSITION TO
### DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT; and

### DECLARATION OF JONATHAN M. RUSHMAN TO
### PLAINTIFF YOON JA KIM, Ph.D.'S OPPOSITION TO
### DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

were served on opposing counsel electronically (*i.e.*, pursuant to ECF) and by U.S mail in an envelope addressed to:

Craig C. Martin
JENNER & BLOCK
One IBM Plaza
Chicago, IL 60611-7603


Bryan K. Wheelock
HARNESS, DICKEY & PIERCE, P.L.C.
7700 Bonhomme
Suite 400
St. Louis, MO 63105


s/ Jonathan M. Rushman
Jonathan M. Rushman