NORTHERN DISTRICT OF ILLINOIS DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Yoon Ja Kim, Ph.D., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 05 C 3138 |
| vs. | ) | |
| | ) | Judge Mark Filip |
| Sara Lee Bakery Group, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S**
**OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

In her Opposition to Defendant's Motion to Dismiss Plaintiff's Complaint ("Opposition" or "Opp."), plaintiff frames her Complaint and Jury Demand (the "Second Lawsuit") as a case about a sole inventor trying to enforce her property rights against defendant Sara Lee Bakery Group ("Sara Lee"). However, this is really a case about a plaintiff who made vague claims in her original action against Sara Lee (the "First Lawsuit"), narrowed them in the course of discovery, and is now trying avoid the Court's ruling that her failure to timely assert her broader claims in the First Lawsuit barred those claims. Because Sara Lee would be substantially prejudiced if it were required to separately litigate these resurrected claims in the Second Lawsuit, the Court should dismiss plaintiff's complaint.

**ADDITIONAL FACTUAL AND PROCEDURAL BACKGROUND**

For more than four years, Sara Lee has been in litigation with plaintiff over the issue of whether Sara Lee products infringe on U.S. Patent No. Re. 36,355 (the "'355 patent") held by plaintiff. Throughout the lawsuit, plaintiff's ever-changing and loose definitions of the terms of her own claims[1] have made them a moving target, and have needlessly added to the costs and

---

[1] As plaintiff explains in her Opposition, the term "patent claim" refers to one of the claimed inventions in the '355 patent. (Opp. at 1.)

time expended on that litigation. In both the First and Second Lawsuits, plaintiff filed a cause of action claiming infringement of the '355 patent, which protects a potassium bromate replacer containing ascorbic acid and food acid.

In her Opposition, plaintiff attempts to obscure the issues in the case by presenting the facts out of chronological order. In fact, the relevant facts happened as follows:

- On May 25, 2001 plaintiff filed her complaint in the First Lawsuit. (Ex. B to Sara Lee's Mem. of Law in Supp. of Def.'s Mot. to Dismiss Pl.'s Compl. ("Opening Brief" or "Op. Br.")) On June 26, 2001, Sara Lee filed its answer and counterclaim of non-infringement. (Ex. C. to Op. Br.)

- On June 26, 2003, Sara Lee propounded interrogatories that, among other things, requested that plaintiff identify each product that plaintiff contended infringed on each claim of the '355 patent and describe how that product meets each element of the claim. (Def.'s First Set of Interrogs. to Pl. at Interrog. No. 4, June 6, 2003) (Ex. A.)

- On September 11, 2003, plaintiff identified Buttertop and D'Italiano branded breads as the accused products in response to Sara Lee's interrogatories. (Pl.'s Ans. to Def.'s First Set of Interrogs at Interrog. No. 4, Sept. 11, 2003) (Ex. B.) Plaintiff also stated that, at the time, she had insufficient information to identify each and every infringing product. (Id.)

- On April 26, 2004, in response to plaintiff's discovery requests, Sara Lee produced to plaintiff all formulas then in existence that contained ascorbic acid and food acid.[2] (Opp. at 3.) Because, as noted by plaintiff, each of the '355 patent's claims is directed to a potassium bromate replacer that contains ascorbic acid and food acid (id. at 3 n.3), Sara Lee produced all formulas that contained ascorbic acid and food acid.

- On January 3, 2005, plaintiff filed her amended complaint against Sara Lee. In the amended complaint, filed after plaintiff had access to all Sara Lee formulas containing ascorbic acid and food acid, the accused Sara Lee products are finished baked goods, broadly identified as "at least" Buttertop, D'Italiano, and Healthy Choice branded breads in the amended complaint. (Opp. at 3.)

- On April 7, 2005, almost a year after Sara Lee produced formulas for products containing ascorbic acid and food acid, plaintiff supplemented her response to

---

[2] One or more formulas (recipes) may be used to make products that appear on a store shelf with the same name, depending on when and where the product was manufactured. Sara Lee also produced some formulas that were never used in any Sara Lee products.

2

Sara Lee's interrogatory, asserting that 450 Sara Lee formulas infringed on the '355 patent. (Opp. at 4.)

In her Opposition, plaintiff repeatedly asserts that she supplemented her discovery responses two weeks after "receiving access to these formulas." (Opp. at 4, 13.) In fact, however, Sara Lee produced its formulas almost a year before plaintiff supplemented her discovery responses. It appears that plaintiff may have had some issues with her original counsel in the First Lawsuit.[3] That fact, however, has nothing to do with Sara Lee and should not prejudice it.

Sara Lee filed a motion to bar evidence of these new products, not because Sara Lee denies that these products contain ascorbic acid and food acid, but because plaintiff had the information necessary to identify the formulas and failed to identify the additional infringing formulas for almost a year.[4] In that interim, discovery closed, and Sara Lee proceeded in reliance on plaintiff's September 11, 2003, disclosure of accused products. The court in the First Lawsuit properly found that, by her own conduct during discovery, plaintiff had narrowed her claims to the disclosed products and that if new claims were permitted, Sara Lee would suffer substantial prejudice. (Minute Order, May 12, 2005) (Ex. L to Op. Br.) To allow plaintiff to now revive claims accusing the very products that Magistrate Judge Mason barred plaintiff from introducing in the First Lawsuit would undo that Court's ruling that plaintiff is foreclosed, by her own conduct, from reasserting them.

---

[3] Although Plaintiff filed her original complaint *pro se*, she was represented by counsel throughout the discovery period, and when she filed her Amended complaint. She was represented by her original counsel from April 30, 2003 (See Docket No. 32) (Ex. A to Op. Br.) through Jan. 27, 2005. (See Docket No. 75) (Ex. A to Op. Br.) Plaintiff has been represented by her current counsel since March 17, 2005. (See Docket No. 83) (Ex. A to Op. Br.)

[4] Plaintiff continues her attempts to assert additional claims in the First Lawsuit. Although Magistrate Judge Mason's May 12, 2005 order limited her to presenting evidence of 12 formulas (Ex. L to Op. Br.), on September 6, 2005, plaintiff's attempted to supplement her discovery responses in the First Lawsuit to accuse a total of 77 formulas of infringement.

3

## ARGUMENT

I. **THE SECOND LAWSUIT SHOULD BE DISMISSED BECAUSE IT IS DUPLICATIVE OF CLAIMS ASSERTED AND ABANDONED IN THE FIRST LAWSUIT.**

The Second Lawsuit should be dismissed because it is duplicative of the First Lawsuit. The Seventh Circuit has held that a duplicative lawsuit should be dismissed. The Second Lawsuit involves the same parties, the same patents, the same substantive legal issues, and was filed in the same federal court as the First Lawsuit. Therefore, sound judicial administration calls for prompt dismissal of this action.

Plaintiff is not entitled to a "do-over." Plaintiff argues that the Second Lawsuit is not duplicative of the First Lawsuit because the products, formulas, damages, and facts accused in the Second Lawsuit are different from those in the First Lawsuit. In fact, these "new claims" were put at issue by Sara Lee's general non-infringement counterclaim in the First Lawsuit. During discovery, plaintiff narrowed her claims to exclude them. Moreover, although the products that plaintiff has accused in the two lawsuits may be different, the substantive legal issues are not. The issue in both cases is whether bread products manufactured by Sara Lee infringe on the '355 patent, and that issue is properly litigated, and will be resolved by, the First Lawsuit. Indeed, as plaintiff notes, she continues to seek in her First Lawsuit injunctive relief to "prevent Sara Lee from making, using, offering to sell, selling, and importing any products that infringe [plaintiff's] '355 patent" -- including, apparently, the products alleged to infringe that patent in the Second Lawsuit. (See Opp. at 7 n.5.)

Plaintiff argues that when a patent owner accuses additional products of infringement and those products are not at issue in another action, such accusations are not considered claim splitting. (Opp. at 8.) That is not the case here because they were at issue when Sara Lee made its counterclaim for a declaration of general non-infringement, and, in any event, plaintiff's cases

4

do not support this broad proposition. For example, in Del Mar Avionics, Inc. v. Quinton Instrument Co., 862 F.2d 1320 (Fed. Cir. 1987), the court specifically noted that the defendant did not allege that plaintiff was aware of the additional product during the initial litigation, and in fact, the plaintiff in that case asserted that the existence of the second product was improperly withheld from defendant's discovery responses during the initial litigation. Del Mar, 862 F.2d at 1325.

In this case, by contrast, not only did Sara Lee put the products at issue in the first lawsuit with its general counterclaim for non-infringement, but plaintiff was well aware of the existence of the 648 Sara Lee formulas containing ascorbic acid and food acid for over a year before she bothered to supplement her discovery responses to accuse any additional products of infringement, months after discovery closed. Her delay was so dilatory that, as noted in Sara Lee's Motion to Dismiss, Magistrate Judge Mason held that that "Plaintiff's attempt to vastly expand [the First Lawsuit] at this late juncture is unacceptable. Discovery is closed and despite plaintiff's claims to the contrary we find that [Sara Lee] would suffer substantial prejudice. . . ." (Minute Order, May 12, 2005) (Ex. L. to Op. Br.)

Plaintiff also argues that under Young Engineers, Inc. v. U.S. International Trade Commission, 721 F.2d 1305, 1308 (Fed. Cir. 1983), for the purposes of claim preclusion, her initial infringement claim does not embrace more than the products currently at issue in the First Lawsuit. (Opp. at 6.) Young Engineers is distinguishable from this case. In Young Engineers, the plaintiff brought a civil infringement action, which the plaintiff subsequently voluntarily dismissed with prejudice because the expense of an infringement lawsuit was no longer justifiable. Id. at 1308. The plaintiff later initiated administrative proceedings, alleging that the defendant had committed unfair acts by importing and selling infringing products that infringed

5

upon the same patent. Id. The defendant moved for summary judgment on the basis of claim preclusion. Id. at 1316. However, unlike Sara Lee, the defendant never asserted that the devices that it tried to bar under the doctrine of claim preclusion were accused in the first proceeding, and the court noted that there was evidence that there were "new" products at issue in the second proceeding that could not have been accused in the initial action. Id.

Although the formulas in the Second Lawsuit are no longer accused products in the First Lawsuit, they are before the Court, and plaintiff was well aware of their existence with ample time to accuse them in that action. Although Magistrate Judge Mason did not make a ruling with regard to whether the additional formulas infringe on the '355 patent, the Court has prohibited plaintiff from introducing of evidence regarding these formulas in the First Lawsuit. This Court should not allow plaintiff to bring a new lawsuit simply because she is unhappy with the claims she chose not to pursue in the First Lawsuit, and is now barred by court order from doing so.

**II.    PLAINTIFF'S COMPLAINT SHOULD BE DISMISED BECAUSE IT IS AN IMPERMISSBLE ATTEMPT TO SPLIT HER CLAIMS.**

The Second Lawsuit should also be dismissed because it is barred by the prohibition against claim splitting. Plaintiff may not avoid the preclusion of claims she failed to pursue in the First Lawsuit simply by initiating a new lawsuit to split those claims. Plaintiff is asking this Court to allow her to bring claims that she had the opportunity to fully and fairly litigate in the First Lawsuit, but abandoned. This type of claim revival is exactly what the doctrine of claim splitting is intended to prohibit.

Plaintiff asserts that Sara Lee's reliance on Civix-DDI, LLC v. Expedia, Inc., No. 04 C 8031, 2005 U.S. Dist. LEXIS 9493 (N.D. Ill. May 2, 2005) (attached hereto as Ex. C), and Am. Stock Exch., LLC v. Mopex, Inc., 215 F.R.D. 87 (S.D.N.Y. 2002), is misplaced because those cases address patent claims and not additional accused products. (Opp. at 8.) Although in those

cases the plaintiffs attempted to assert patent claims in an untimely manner, the doctrine also applies to untimely asserted products. The logic of those cases also applies equality to belatedly asserted products. See Civix, 2005 U.S. Dist. LEXIS 9493 at *12 (stating that the doctrine of claim splitting prevents the plaintiff from splitting claims into multiple actions when they should have been brought in a single action).

Relying solely on an unpublished opinion from a summary judgment case in another federal district court in a different circuit, plaintiff asserts that because she is attempting to accuse new products instead of new patent claims, the doctrine of claim splitting does not apply. (Opp. at 9.) In the case plaintiff cites, the court held that because the defendant sought to bar infringement claims for certain products barred in the First Lawsuit due to plaintiff's non-compliance with local rules, it was not proper to prohibit infringement claims for those products in the second lawsuit. Jumpsport Inc., v. Hedstrom Corp., No. C 04-0199 PJH, 2004 U.S. Dist. LEXIS 20382, at *6-9 (N.D. Cal. Sept. 29, 2004) (attached hereto as Ex. D). However, the ruling in that case was based in part on the court's unwillingness to permanently bar a plaintiff's claims due to its non-compliance with local patent infringement rules that require early declaration of patent claims. Id. at *2-6. By contrast, Sara Lee is not suggesting that plaintiff be barred from filing a second lawsuit simply because she did not identify the additional formulas during the early part of the litigation. Rather, her claims are barred because she knew about the formulas containing ascorbic acid and food acid while discovery was still open, never requested that discovery be extended, and had a full and fair opportunity to pursue her claims against those products in the First Lawsuit, and either chose not to or neglected to do so for over a year. Because, in the First Lawsuit, her unjustified delay barred her from presenting evidence

7

regarding those formulas, the doctrine of claim splitting requires that she also be precluded from filing a new lawsuit regarding those very same products in the very same federal court.

### III. PLAINTIFF'S CLAIMS WERE BARRED IN THE FIRST LAWSUIT BECAUSE THEY WERE UNTIMELY, NOT BECAUSE THEY WERE UNRELEATED.

Plaintiff accuses Sara Lee of advancing a clearly inconsistent position with respect to what products were at play in the First Lawsuit before this Court and before Magistrate Judge Mason. (Opp. at 12, n.11, 12.) However, Sara Lee has never argued that the products barred from the First Lawsuit could not have been properly litigated in the First Lawsuit had they been pursued in a timely manner.

Sara Lee's argument that plaintiff's "new" claims are the subject of its counterclaim is not inconsistent with its position before Magistrate Judge Mason. Sara Lee filed its answer and counterclaim to plaintiff's First Amended Complaint on January 28, 2005, after it had identified all products that could be covered by the patent. That pleading renewed Sara Lee's counterclaim of general non-infringement. (Def.'s Ans. to First Am. Compl. at ¶¶35-37, Jan. 28, 2005) (Ex. H to Op. Br.) Unlike plaintiff's claims, which had been narrowed to just two products, Sara Lee's counterclaim seeks a ruling that none of its products or formulas infringe on the '355 patent. The Court was certainly aware of that counterclaim when it held that plaintiff's claims were barred as untimely. (See Minute Order, May 12, 2005) (Ex. L to Op. Br.) Plaintiff is not entitled to relitigate that ruling in this Court, and the Second Lawsuit should be dismissed accordingly.

8

**CONCLUSION**

For the foregoing reasons, as well as the reasons previously stated in Sara Lee's Memorandum of Law in Support of Its Motion to Dismiss Plaintiff's Complaint, defendant Sara Lee respectfully requests that the Court dismiss the Complaint.

Dated: September 14, 2005

Respectfully submitted,

SARA LEE BAKERY GROUP, INC.

By:    s/Elizabeth L. Fine
       One of its Attorneys

Craig C. Martin (Atty. No. 06201581)
Amanda S. Amert (Atty. No. 6271860)
Elizabeth L. Fine (Atty. No. 06282854)
JENNER & BLOCK LLP
One IBM Plaza
Chicago, IL 60611
Telephone: 312 222-9350
Facsimile: 312 527-0484

## **CERTIFICATE OF SERVICE**

      I, Elizabeth L. Fine, an attorney, hereby certify that service was accomplished pursuant to ECF (pursuant to the General Order on Electronic Case Filing) as to the following Filing Users:

> Dean A. Pelletier
> James P. Murphy
> Jonathan A. Rushman
> *Attorneys for Plaintiff*

                                          s/Elizabeth L. Fine
                                          _____
                                          Elizabeth L. Fine